E-FILED
Wednesday, 06 March, 2019 04:12:10 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **AMALGAMATED TRANSIT UNION NATIONAL 401(K) PENSION PLAN and its Trustees: LAWRENCE HANLEY, OSCAR OWENS, THOMAS SECREST and TYNEETA MORRIS,**<br><br>**4440 Ash Grove Dr., Ste A**<br>**Springfield, IL 62711**<br><br>       **Plaintiffs,**<br>  **v.**<br><br>**MARUTI TRANSIT GROUP LLC**<br>**8550 Touchton #1626**<br>**Jacksonville, FL 32216**<br><br>**and**<br><br>**MARUTI FLEET & MGMT LLC**<br>**2301 South Division Avenue**<br>**Orlando, FL 32805**<br><br>**Serve: Maruti Transit Group LLC**<br>      **c/o Norman Hurley**<br>      **8550 Touchton #1626**<br>      **Jacksonville, FL 32216**<br><br>**Serve: Maruti Fleet & Mgmt LLC**<br>      **c/o Gloria Martin**<br>      **2301 South Division Avenue**<br>      **Orlando, FL 32805**<br><br>       **Defendants.** | **Case No.  19-cv-03060** |

## COMPLAINT

Plaintiffs, the Amalgamated Transit Union National 401(k) Pension Plan (the "Fund")

and its Trustees, by counsel, hereby complain of Defendants Maruti Transit Group, LLC

1

("Maruti Transit") and Maruti Fleet & Mgmt LLC ("Maruti Fleet") (collectively, "Defendants") as follows:

## Introduction

1.     This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (1982), and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185.   Plaintiffs seek a judgment against Defendants for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Plaintiffs in collecting these amounts related to Defendants' failure to pay contributions required by agreement between Maruti Transit and the Amalgamated Transit Union Local 1577 ("Local 1577").

## Jurisdiction and Venue

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4.      The Fund is a joint labor-management benefit fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5.     Plaintiffs Lawrence Hanley, Oscar Owens, Thomas Secrest and Tyneeta Morris, are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section

3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Springfield, Illinois.

6.     Defendant Maruti Transit is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).  Upon information and belief, Maruti Transit is a corporation organized under the laws of the State of Florida with its principal place of business in Jacksonville, Florida.

7.     Defendant Maruti Fleet is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).  Upon information and belief, Maruti Fleet is a corporation organized under the laws of the State of Florida with its principal place of business in Orlando, Florida.

## Governing Documents

8.     At all times relevant to this action, Maruti Transit employed employees represented for the purposes of collective bargaining by the Local 1577, a labor organization representing employees in an industry affecting interstate commerce.

9.     At all times relevant to this action, Defendant Maruti Transit and the Local 1577 have been parties to and bound by a collective bargaining agreement ("CBA") obligating Maruti Transit and its successors, lessees, or assigns to make monthly contributions to the Fund on behalf of each full-time bargaining unit employee.

10.     Maruti Transit also signed an Employer Adoption Agreement with the Fund ("Adoption Agreement"). Under the terms of the Adoption Agreement, Maruti Transit agreed to

be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder.  The Trust Agreement required the Maruti Transit to submit monthly contributions to the Fund.

11.     The Trust Agreement bound Maruti Transit to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

12.     The Delinquency Policy requires Maruti Transit to submit monthly contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

13.     Defendant Maruti Fleet pays contributions on behalf of Defendant Maruti Transit and, upon information and belief, is the successor, assign, and/or alter ego of Maruti Transit.

**COUNT ONE: DELINQUENT CONTRIBUTIONS**

14.     Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

15.     Maruti Transit is obligated to pay contributions to the Fund as required by the CBA, the Trust Agreement, the Adoption Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145.

16.     As the successor, assign, and/or alter ego of Maruti Transit, Maruti Fleet is jointly obligated with Maruti Transit to pay contributions to the Fund as required by the CBA, the Trust Agreement, the Adoption Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145.

17.     Defendants have failed to pay a total of $54,225.00 in estimated contributions owed to the Fund for the period of January 2015 through December 2018.

18.     By failing to pay the required contributions, Defendants have violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186 and the Trust Agreement.

19.     Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, and the Trust Agreement, and the Adoption Agreement, Defendants are jointly and severally liable to the Fund for $54,225.00 in estimated delinquent contributions for the period of January 2015 through December 2018 and any contributions that become delinquent or are discovered while this action is pending, approximately $17,636.83 in interest on the unpaid contributions accrued as of February 8, 2019, plus additional interest accruing at the Fund's annual interest rate of 12% while this action is pending, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts.

### Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

A.     Enter judgment against Defendants and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $54,225.00 in estimated delinquent contributions;

(2) Interest on the delinquent contributions at the Fund's annual interest rate of 12% accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) An amount equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $17,636.83, as required by 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Maruti Transit's employment records;

(5) Attorneys' fees and other costs incurred by the Fund in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

B.       Retain jurisdiction of this case pending compliance with its Orders; and

C.       Grant such other and further relief as the Court may deem just.

Dated: March 6, 2019                    Respectfully submitted,

/s/      *David Huffman-Gottschling*
David Huffman-Gottschling, Esq.
davidhg@jbosh.com
JACOBS, BURNS, ORLOVE, & HERNANDEZ
150 N. Michigan Avenue, Suite 1000
Chicago, IL 60601
Phone: (312) 327-3443
Fax: (312) 726-3887

Sharon M. Goodman, Esq.
   (application for admission pending)
sgoodman@slevinhart.com
Kristina F. Salamoun, Esq.
   (application for admission pending)
ksalamoun@slevinhart.com
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-9900
(202) 234-8231 (facsimile)

*Counsel for Plaintiffs*

A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20706420v1